IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANGELA DENISE NAILS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.  1:06cv252-MHT |
| | ) |
| CENTURYTEL PHONE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 17, 2006, *pro se* plaintiff Angela Denise Nails ("Nails") filed this action against defendant CenturyTel Phone Company ("CenturyTel").  According to Nails, CenturyTel was negligent in the manner in which it repaired her telephone.  "CenturyTel Telephone Company repair service was contacted eight different times to complete repair prombles (sic) at customer[']s resident (sic), noone from CenturyTel came to find a promble (sic) on the inside until February 22, 2006."  (Compl. at 2).  Nails seeks $60,000 in damages. (*Id*. at 3).

On April 19, 2006, the defendant filed a motion to dismiss on the grounds that this court lacked subject matter jurisdiction over this matter.  (Doc. # 8).  On April 24, 2006, the plaintiff filed an objection to the motion to dismiss.  After careful consideration, the court concludes that the motion to dismiss is due to be granted.

**DISCUSSION**

Because federal courts are courts of limited jurisdiction, it is a basic premise of federal court practice that the court must have jurisdiction over the subject matter of the action

before it can act.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding.  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  In addition, FED R. CIV. P. 12(h)(3) requires that "[w]herever it appears . . . that the court lacks jurisdiction, the court shall dismiss the action."  "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings."  *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3522 (1975).

A review of the complaint demonstrates that the plaintiff asserts a state law claim of negligence; she does not assert a federal claim.  Thus, there is no basis under 28 U.S.C. § 1331 for this court having federal question jurisdiction over this claim.  *See* 28 U.S.C. § 1331.

A federal district court may also exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction.  *See* 28 U. S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met.  *See Id.*  To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any

2

defendant.  *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).  There is no dispute that the parties in this case are diverse.  The complaint alleges that the plaintiff is a citizen of the State of Alabama and defendant CenturyTel is a corporation with its principal place of business in Louisiana.

Diversity jurisdiction "must be present at the time the complaint is filed."  *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).[1]  In this case, there is no question of doubt that jurisdiction did not exist at the time the complaint was filed.  The plaintiff pled a specific amount of damages – $60,000.  Thus, from the face of the complaint, the amount in controversy does not exceed $75,000.  "The amount stated in the complaint is itself dispositive of jurisdiction unless it appears or is in some way shown that the amount is not claimed in good faith."  *Dassinger v. South Cent. Bell Tel. Co.*, 505 F.2d 672, 673-74 (5th Cir. 1974).

Only after the defendant raised this jurisdictional issue did the plaintiff assert that the amount in controversy is $75,000.  (Obj. to Dismissing Compl. at 1).  However, whether the court has subject matter jurisdiction is determined at the time of filing of the complaint.  *See Mas, supra*.  Because the complaint states an amount in controversy well below the jurisdictional minimum of $75,000, the plaintiff cannot now increase the amount in controversy to create jurisdiction.  Consequently, this court does not have federal diversity jurisdiction under 28 U.S.C. § 1332.  Because the court lacks jurisdiction over the plaintiff's

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

claim, this case is due to be dismissed. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **May 10, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 27th day of April, 2006.

                                          /s/Charles S. Coody
                                      CHARLES S. COODY
                                      CHIEF UNITED STATES MAGISTRATE JUDGE